TAYLOR and WOODWARD, Plaintiffs in Error, *v.* WILLIAM TATUM, Defendant in Error.

ADMINISTRATOR—DETINUE—JUDGMENT IN.—If an administrator claim property levied on under an execution against a third person, and his claim be not sustained, it will be error to render judgment against him for the property, or its

alternate value, to be levied of the goods of the intestate: it should be against him individually.

In error from the Circuit Court of Amite county. Hon. Stanhope Posey, judge.

*D. W. Hurst*, for plaintiffs in error.

*H. F. Sernvall*, for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an issue in the Circuit Court of Amite county, for the trial of the right of property between the defendant in error, as plaintiff in execution, and the plaintiffs in error, as claimants of the property, as part of the estate of Joicy B. Ratcliff, deceased, of which they were administrators.

The jury having found the issue for the plaintiff in the execution, and assessed the value of the property, the court rendered a judgment, that the plaintiff recover the property, if to be had, and if not, then its alternate value, as assessed by the jury, to be levied of the goods and chattels of the intestate in the hands of the claimants, to be administered.

It is insisted that this judgment is erroneous, as it should have been rendered against the claimants individually, and not as administrators.

The judgment should always correspond with the action. The claimants occupied the attitude of defendants in an action of detinue, and the judgment should have been such as if they had been regularly sued in that action. Such a thing as an action of detinue against an administrator in that character, was, perhaps, never known in practice. He can only be sued in regard to some duty which the intestate had contracted in his lifetime, or was under obligation to perform, and failed to perform. It does not follow that, because he claims property as administrator, he must be sued for it in that capacity, for the plain reason, that if the intestate had no title, the administrator can have none. The very question to be tried is, whether the title which he asserts, as administrator, can be sustained.

.But we deem it unnecessary to elaborate this point. The judgment, having to correspond with the action, was erroneous in being entered against the claimants as administrators. It should have been against them individually.

Judgment reversed, and judgment on the verdict in this court. Judgment against defendant in error for costs.